Carlos F. **Pua**, as Administrator
of the Estate of Juan Faisao II, and
for the heirs of Juan Faisao II,
Plaintiffs/Appellants,
v.
**Marianas Public Land Corporation**,
Defendant/Appellee.
Appeal No. 96-042
Civil Action No. 92-1027
March 25, 1998

Submitted on the Briefs February 13, 1998

---

[3] We find that the transmittal of Senate Bill No. 10-76 on January 13, 1998, was not unreasonable.

Counsel for Appellants: Reynaldo O. Yana and Antonio M. Atalig, Saipan.

Counsel for Appellee: Bret Lubic, Saipan. (Law Offices of Brian W. McMahon)

BEFORE: TAYLOR, Chief Justice, WHITE and WISEMAN, Special Judges.

TAYLOR, Chief Justice:

¶1 ■ Appellant, Carlos F. Pua ("Pua"), appeals the Superior Court's Order granting Marianas Public Land Corporation's ("MPLC") Motion to Dismiss. In its order dated August 8, 1996, the court ruled that Pua's claim for land compensation for a public taking of private property against MPLC is barred by the twenty-year statute of limitations of 7 CMC § 2502. We have jurisdiction pursuant to 1 CMC § 3102(a). We reverse on other grounds and remand with instructions to dismiss this claim for failure to state a cause of action.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 We are asked to determine whether the Superior Court erred in ruling that Pua's claim is barred by the statute of limitations. Because we reverse on other grounds, we need not address this issue.

¶3 ■ The issue upon which we reverse is whether the Public Purpose Land Exchange Act (2 CMC § 4141 et seq.) creates a judicial cause of action. This is a question of law which we review de novo.[1]

## FACTS AND PROCEDURAL BACKGROUND

¶4 Juan Faisao II allegedly owned land in Garapan, formerly known as Japanese Lot Nos. 778-3, 778-8, 137, 138 and 170, redesignated by the Trust Territory Government ("T.T. Government") as Lot Nos. 1637, 1813, and 1814. Pua, an heir of Juan Faisao II and the administrator of his estate, asserts that in 1953, Juan Faisao II's land was erroneously determined by the T.T. Government as having belonged to Nanyo Kohatsu Kabushiki ("NKK"), a Japanese national corporation. Title to NKK's property passed by escheat to the T.T. Government after World War II. Pua claims that these title determinations constituted a "taking" without compensation, in violation of the Due Process Clause of the Commonwealth Constitution, and actionable under the

Public Purpose Land Exchange Authorization Act of 1987 ("the Exchange Act") which was designed in part to provide compensation for takings and short exchanges in the form of awards of public land in lieu of monetary compensation.

¶5 Pua filed his complaint on August 24, 1992. MPLC moved for summary judgment on February 2, 1994. The Superior Court granted the motion in part, ruling that the T.T. Government's title determination concerning Lot No. 778-3 was accurate and could not be deemed a taking. The Superior Court denied the motion as to the remaining lots in issue.[2]

¶6 The matter was brought to trial on March 1, 1994. At the close of Pua's case in chief, MPLC moved to dismiss under Com. R. Civ. P. 41(b) for failure to state a claim upon which relief may be granted. The Court wished to view a map of the land in question as an aid in making its decision on the motions. Thereafter, the court gave Pua leave to reopen his case to locate and furnish the map. Two years after the date of trial, the Superior Court scheduled a status conference. At that time, MPLC brought a motion to dismiss based upon the following grounds: failure to state a claim under Com. R. Civ. P. 41(b); the expiration of the statute of limitations; administrative res judicata; and the failure to exhaust administrative remedies. The Superior Court granted MPLC's motion to dismiss on the grounds that Pua's claim was barred by the statute of limitations.[3] Pua timely appealed.

## ANALYSIS

*1.   The Exchange Act Does Not Create a Judicial Cause of Action.*

¶7 Pua argues that the Exchange Act, in order to redress past wrongdoing, authorizes the court to lift the twenty-year statue of limitations upon claims against the government for takings of property which occurred without compensation.

¶8 ■ This Court has previously looked at the issue of whether the Exchange Act authorizes a judicial cause of action. In *Castro v. Div. of Pub. Lands, Dep't of Lands & Natural Resources*, this Court held that:

[T]here is nothing in the [Exchange Act] which

---

[1] *Castro v. Div. of Pub. Lands.* 1997 MP 29 ¶3, 5 N.M.I. 131, citing *Rios v. Marianas Pub. Land Corp.*, 3 N.M.I. 512, 518 (1993).

[2] *Pua v. Marianas Pub. Land Corp.*, Civil Action No. 92-1027 (N.M.I. Super. Ct. Feb. 24, 1994).

[3] Since the Superior Court held that the statute of limitations barred Pua's claim, the court did not address the other issues raised by MPLC. Pua. Civil Action No. 92-1027 (N.M.I. Super. Ct. Aug. 8, 1996) (Order Granting Defendant's Motion to Dismiss) (slip op. at 5).

creates a cause of action upon which the Court can grant relief. The [Exchange Act] only authorizes persons who believe that they are entitled to compensation to file claims for compensation with MPLC. The statute contemplates that MPLC will resolve those claims through its own administrative processes. If a claimant . . . is aggrieved by MPLC's decision, relief can be had under the Administrative Procedures Act through an appeal to the Superior Court.[4]

Therefore, an aggrieved claimant must first file a claim with MPLC under the Exchange Act because the Act itself does not authorize a judicial cause of action.

¶9 ■ We therefore remand this case to the Superior Court with directions to dismiss it for failure to state a cause of action. Pua is instructed by this decision that he can file a claim under the Exchange Act with MPLC, and that the courts can subsequently review MPLC's decision upon the claim under the Administrative Procedure Act.

### CONCLUSION

¶10 For the foregoing reasons, we hereby **REVERSE** the decision of the Superior Court and **REMAND** with instructions to dismiss this claim for failure to state a cause of action.

[4] *Castro*, 1997 MP 29 ¶13, 5 NMI 131.