Julian N. **Taman**, for
himself and the other heirs of Felipe Fanama,
and Pilar F. Lisua,
Plaintiffs/Appellants,

v.

**Marianas Public Land Corporation,**
Defendant/Appellee.
Appeal No. 97-030
Civil Action No. 92-1490
November 16, 1998

Argued and Submitted September 30, 1998

Counsel for appellants: Reynaldo O. Yana, Saipan.

Counsel for appellee: Bret Lubic, Saipan. (Law Offices of Brian W. McMahon)

BEFORE: TAYLOR, Chief Justice, DEMAPAN, Associate Justice, and MANGLONA, Justice Pro Tem.

TAYLOR, Chief Justice:

¶1 ■ Appellants appeal from the Superior Court's July 29, 1997, order granting appellee, Marianas Public Land Corporation's ("MPLC"), motion for summary judgment. We have jurisdiction pursuant to article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3 (1997). We reverse and remand with instructions to dismiss this claim for failure to state a cause of action.

### ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 ■ We are asked to determine whether the Public Purpose Land Exchange Authorization Act ("the Act") creates a judicial cause of action. This issue involves a question of law which is reviewed de novo. *Castro v. Div. of Public Lands,* 1997 MP 29 ¶3, 5 N.M.I. 131.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 Appellants, heirs of Felipe Fanama ("heirs"), claim that after World War II, the government of the Trust Territory of the Pacific Islands ("TTPI") took their land, more particularly described as Lot Nos. 647, 648, 650, 651, 655, and 665, containing approximately 15 hectares, without compensation or due process of law. In 1953, the Saipan District Land Office issued Title Determination ("T.D.") 766 which determined that all of Lot 648, containing approximately ten hectares, belonged to a Japanese national, and because of this determination, the land properly ceded to the TTPI.

¶4 The heirs originally filed a case in the U.S. District Court in which they alleged that the TTPI took their land without due process in violation of 42 U.S.C. § 1983, and as an alternative prayer for relief, sought the return of their land. The District Court dismissed the case, claiming that the court no longer had jurisdiction over the matter pursuant to 7 CMC § 2505, a catchall six-year limitations

---

[1] The appellants raise two other issues: (1) Whether it was proper for the trial court to rely on *Taman v. Marianas Pub. Land Corp.,* 4 N.M.I. 287 (1995), as authority for granting appellee's motion for summary judgment on remand from this Court; and (2) Whether appellants' claim for compensation under the Act is barred by the statute of limitations. Because we reverse and remand with instructions to dismiss this claim for failure to state a claim upon which relief may be granted, we need not address these two other issues.

period.[2] The Ninth Circuit affirmed the District Court's decision based upon the two-year limitations period of 7 CMC § 2503(d).[3]

¶5 In 1992, the heirs initiated an action in the Superior Court seeking compensation for land taken by the TTPI relying on the Act, 2 CMC § 4141 et seq.. This complaint was nearly identical to the one filed in the District Court, except for the omission of both the due process allegation and the alternative prayer for recovery of the land. The Superior Court entered partial summary judgment in favor of MPLC and concluded that, as a matter of law, the heirs received sufficient notice of TD 766 and therefore, TD 766 should be afforded administrative res judicata effect.[4] However, because TD 766 involved only 10 hectares of land, 5 hectares remained unadjudicated. On appeal, this Court held that the dismissal by the U.S. District Court of the § 1983 claim barred the heirs' claim based on a transactional analysis approach of the doctrine of res judicata, and then remanded the case to the Superior Court for a determination as to the 5 hectares.[5]

¶6 On remand, the Superior Court, relying upon the Supreme Court's decision, granted MPLC's motion for summary judgment.[6] From this order, the heirs timely appealed.

## ANALYSIS

### The Act Does Not Create a Judicial Cause of Action

¶7 In general, the Act authorizes MPLC to enter into land exchanges with private parties for either obtaining private land for public projects, or, as in the present matter, for resolving lawful claims against the government. 7 CMC § 4142. Under the legislature's "Findings and Purpose" behind the Act, land exchanges are often preferable, both economically and socially, to monetary compensation for private land acquired for public purposes. *Id.* Here, the heirs are seeking compensation in the form of land under the Act, for what they claim was a taking without compensation or due process of law.

¶8 ■ This Court notes that the heirs filed their present appeal prior to this Court's decision in *Castro*, which addressed the issue of whether the Act authorizes a judicial cause of action.[7] The *Castro* court held that:

> [T]here is nothing in [the Act] which creates a cause of action upon which the Court can grant relief. [The Act] only authorizes persons who believe that they are entitled to compensation to file claims for compensation with MPLC. The statute contemplates that MPLC will resolve those claims through its own administrative processes. If a claimant . . . is aggrieved by MPLC's decision, relief can be had under the Administrative Procedures Act through an appeal to the Superior Court.[8]

Therefore, an aggrieved claimant, the heirs, must first file a claim with MPLC because the Act itself does not authorize a judicial cause of action.

¶9 ■ We therefore remand this case to the Superior Court with directions to dismiss it for failure to state a cause of action. The heirs are hereby instructed, by way of this decision, that they can file a claim under the Act with MPLC, and that the courts can subsequently review MPLC's decision upon the claim under the Administrative Procedure Act.

## CONCLUSION

¶10 For the foregoing reasons, we hereby **REVERSE** the decision of the Superior Court and **REMAND** with instructions to dismiss this claim for failure to state a cause of action.

---

[2] *Taman v. Marianas Pub. Land Corp.*, Civ. No. 89-0011 (D.N.M.I. Aug. 10, 1990) (Order Re Dismissal).

[3] *Taman v. Marianas Pub. Land Corp.*, No. 90-16254 (9th Cir. July 8, 1992) (unpublished slip op.).

[4] *Taman v. Marianas Pub. Land Corp.*, Civ. No. 92-1490 (N.M.I. Super. Ct. May 11, 1994) (Memorandum Decision at 4-8).

[5] *Taman v. Marianas Pub. Land Corp.*, 4 N.M.I. 287 (1995).

[6] *Taman v. Marianas Pub. Land Corp.*, Civ. No. 92-1490 (N.M.I. Super. Ct. July 29, 1997) (Order Granting Defendant's Motion for Summary Judgment on Remand from the Supreme Court).

---

[7] This Court also addressed the same issue in *Pua v. Marianas Pub. Land Corp.*, 1998 MP 4, 5 N.M.I. 157.

[8] *Castro, supra*, 1997 MP 29 ¶13, 13, 5 N.M.I. 131.